T.C. Memo. 1996-396

UNITED STATES TAX COURT

ALEX MALESA, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12543-93.                    Filed August 26, 1996.

Alex Malesa, pro se.

J. Anthony Hoefer, for respondent.

MEMORANDUM OPINION

DAWSON, Judge:  This case was assigned to Special Trial
Judge John F. Dean pursuant to section 7443A(b)(4) and Rules 180,
181, and 183.[1]  The Court agrees with and adopts the opinion of
the Special Trial Judge which is set forth below.

---

[1]Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year at issue.  All Rule
references are to the Tax Court Rules of Practice and Procedure.

OPINION OF THE SPECIAL TRIAL JUDGE

DEAN, Special Trial Judge:  For the 1990 taxable year, respondent determined a deficiency in petitioner's Federal income tax in the amount of $8,777 (which included additional tax under section 72(t) in the amount of $239) and additions to tax under section 6651 in the amount of $1,724.75 and under section 6654 in the amount of $440.14.

The parties have resolved all issues resulting from adjustments in the notice of deficiency except for the following: (1) Whether three payments received by petitioner in 1990 are taxable to petitioner in the amounts determined by respondent; (2) whether petitioner is liable for additional tax on early retirement distributions under section 72(t); and (3) whether petitioner is liable for additions to tax under sections 6651 and 6654.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioner resided in Omaha, Nebraska, at the time he filed his petition.

Background

Petitioner did not timely file a 1990 Federal income tax return.  Respondent issued a notice of deficiency to petitioner on March 15, 1993.  Respondent had received information returns from several payors indicating that payments had been made to petitioner during 1990.  Respondent used these information

returns to determine a deficiency and additions to tax, using a married filing separately status for petitioner.

Petitioner filed a joint 1990 Federal income tax return with his wife on April 15, 1993.  On that return, petitioner included all of the payments that respondent had determined were taxable in the notice of deficiency, except for the following:

| Payor | Reported on Form: | Amount |
|-------|-------------------|--------|
| National Home Life Assurance | 1099-R | $1,092 |
| Jackson National Life Ins. Co. | 1099-R | 14,470 |
| Jackson National Life Ins. Co. | 1099-INT | 53 |

The total distribution by National Home Life Assurance (National) was $4,426, but respondent contends that only $1,092 was taxable, based on information reported to respondent by National.  The $14,470 payment that petitioner received from Jackson National Life Insurance Company (Jackson) was his one-third share of the accumulation value ($43,410) of an annuity that had been purchased by petitioner's mother, who died in 1990 at age 62.  Upon his mother's death petitioner became entitled to this payment as a beneficiary under the annuity contract. Jackson reported the $14,470 as the gross distribution to petitioner and did not report what portion of the distribution was taxable.  Petitioner's mother acquired the Jackson annuity in a section 1035 exchange for an annuity that she had acquired through United of Omaha.  This exchange took place on May 5, 1986.  Respondent contends that the $53 payment from Jackson is

taxable to petitioner as interest income.

## Discussion

Respondent's determinations are presumed correct, and petitioner bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

## Annuity Payment

Section 61(a) defines gross income as "all income from whatever source derived". Annuities are specifically included in gross income. Sec. 61(a)(9). The burden is on petitioner to demonstrate that the payment in question falls into a specific statutory exclusion. Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429-431 (1955).

In general, section 72 deals with the income tax treatment of annuities. Section 1.72-1(a), Income Tax Regs., provides that section 72 prescribes rules regarding the inclusion in gross income of amounts received under a life insurance, endowment, or annuity contract except where such amounts are specifically excluded from gross income under other provisions of chapter 1 of the Code. These rules provide that, in general, the amounts subject to the provisions of section 72 are includable in the gross income of the recipient except to the extent that they are considered to represent a reduction or return of premiums or other consideration paid. Sec. 1.72-1(a), Income Tax Regs.

Any amount received, whether in a single sum or otherwise, in full discharge of the obligation under the annuity contract,

which payment is "in the nature of a refund of the consideration paid for the contract," is taxable only to the extent it exceeds the investment in the contract (determined under section 72(e)(6)). Sec. 72(e)(5)(A), (E). An amount is considered to be "in the nature of a refund" where it is payable to a beneficiary after the death of the annuitant under a contract for a life annuity, with a minimum number of payments certain, or a minimum amount which must be paid in any case. Sec. 1.72-11(c)(1), Income Tax Regs.

The annuity payment that petitioner received upon his mother's death is thus "in the nature of a refund of the consideration paid for the contract", and is taxable to the extent it exceeds the investment in the contract. The investment in the contract is the aggregate amount of premiums or other consideration paid for the contract less any amounts previously received under the contract which were excludable from gross income. Sec. 72(e)(6). Petitioner has offered no evidence regarding the investment in the contract. He has therefore failed to carry his burden to show that any portion of the payment he received should be excluded from his gross income. Commissioner v. Glenshaw Glass Co., supra at 429-431. Accordingly, we sustain respondent's determination that the full $14,470 payment is includable in petitioner's gross income.

## Interest Income and Retirement Distribution

Petitioner admits receiving a $53 payment from Jackson and a

$4,426 payment from National (of which respondent contends $1,092 was taxable). Petitioner offered no evidence demonstrating that any portion of these payments should be excluded from his gross income and has therefore failed to carry his burden of proof. Id. Respondent is sustained on these items.

## Section 72(t) Additional Tax

Respondent determined that petitioner is liable for additional tax in the amount of $239 under section 72(t) on a premature distribution of $2,393 from a qualified retirement plan. Section 72(t)(1) imposes an additional tax on any amount received from a qualified retirement plan equal to 10 percent of the portion of such amount which is includable in gross income. Section 72(t)(2) exempts certain distributions from the additional tax.

Petitioner does not deny receiving a $2,393 distribution from a qualified retirement plan, nor does he claim to come within one of the exceptions. Respondent is sustained on this issue.

## Section 6651(a)(1) Failure To File Timely

Section 6651(a)(1) provides for an addition to tax of 5 percent of the tax required to be shown on the return for each month or fraction thereof for which there is a failure to file, not to exceed 25 percent. The addition to tax for failure to file a return timely will be imposed if a return is not timely filed unless the taxpayer shows that the delay was due to

reasonable cause and not willful neglect.  Sec. 6651(a)(1).

Petitioner's 1990 Federal income tax return was due on April 15, 1991.  Sec. 6072(a).  Petitioner filed his 1990 Federal income tax return on April 15, 1993.  Petitioner has not offered any evidence to show that the delay was due to reasonable cause. We therefore sustain respondent's determination that petitioner is liable for the 25-percent addition to tax under section 6651(a)(1) for 1990.

Section 6654 Failure To Pay Estimated Tax

Where payments of tax, either through withholding or by making estimated quarterly tax payments during the course of the year, do not equal the amount required under the statute, imposition of the addition to tax under section 6654 is automatic, unless the taxpayer shows that one of the statutory exceptions applies.  Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).  Petitioner bears the burden to show qualification for such an exception.  Habersham-Bey v. Commissioner, 78 T.C. 304, 319-320 (1982).  Petitioner has not sustained his burden; therefore, we hold that he is liable for the addition to tax under section 6654 for the 1990 taxable year.

To reflect the foregoing,

Decision will be entered under Rule 155.